# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KURTIS J. DENEEN,                          )    Case No. 2:11-cv-00573-MMD-CWH
                          Plaintiff,       )
                                           )    **FINDINGS AND RECOMMENDATION**
vs.                                        )
                                           )    (Motion for Reversal or Remand #23)
MICHAEL J. ASTRUE,                         )    (Cross-Motion for Summary Judgment #24)
COMMISSIONER OF SOCIAL                     )
SECURITY,                                  )
                                           )
                          Defendant.       )
_____        )

    This case involves judicial review of administrative action by the Commissioner of Social Security ("the Commissioner") denying Plaintiff Kurtis J. Deneen's application for supplemental security income pursuant to Title XVI of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal and/or Remand (#23)[1], filed on January 13, 2012, and the Commissioner's Opposition and Cross-Motion for Summary Judgment (#24), filed on February 8, 2012. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

### I.    Procedural History

    On April 1, 2007, Plaintiff protectively filed an application for supplemental security income alleging disability beginning December 1, 2006. (A.R. 69-75).[2] His claim was denied initially on July 10, 2007 and upon reconsideration on December 10, 2007. (A.R. 34-35). On March 16, 2009, Plaintiff and his representative appeared for a hearing before Administrative Law Judge ("ALJ") Michael B. Kennett. (A.R. 21-33). On September 29, 2009, the ALJ issued an unfavorable decision

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. *See* Notice of Manual Filing (#20).

1   finding that Plaintiff has not been under a disability, as defined in the Social Security Act, from April

2   1, 2007 through the date of his decision.  (A.R. 9-20).  The ALJ's decision became the final decision

3   of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 14,

4   2011.  (A.R. 3-7).  On April 14, 2011, Plaintiff commenced this action for judicial review pursuant to

5   42 U.S.C. § 405(g).  *See* Motion/Application for Leave to Proceed *in forma pauperis* (#1).

6       ## II.   The ALJ Decision

7       The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §§

8   404.1520 and 416.920 and issued an unfavorable decision on September 29, 2009.  (A.R. 9-20).  At

9   step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 1,

10  2007, the application date.  (A.R. 14, Finding 1).  At step two, the ALJ found that Plaintiff has severe

11  medically determinable impairments of epilepsy and obesity.  (A.R. 14, Finding 2).  At step three, the

12  ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or

13  medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (A.R.

14  15, Finding 3).  In making this finding, the ALJ specifically considered Listing 11.02.

15      Continuing with the sequential evaluation process, the ALJ found Plaintiff capable of

16  performing a residual functional capacity for work at all exertional levels with the following

17  nonexertional limitations: occasional climbing ramps and stairs, never climbing ladders, ropes, and

18  scaffolds, frequent balancing, stooping, kneeling, crouching, and crawling, and avoid all exposure to

19  hazards such as moving machinery and heights.  (A.R. 15, Finding 4).  At step four, the ALJ found

20  that Plaintiff has no past relevant work.  (A.R. 16, Finding 5).  At step five, the ALJ found that jobs

21  exist in significant numbers in the national economy that Plaintiff can perform based on his age,

22  education, work experience, and residual functional capacity.  (A.R. 16, Finding 9).  In doing so, the

23  ALJ defined Plaintiff as a younger individual age 18-44, with at least a high school education, able to

24  communicate in English, and found transferable skills not material to the determination of disability.

25  (A.R. 16, Findings 6-8).  Finally, the ALJ considered Medical-Vocational Rule 204.00, which

26  provides a framework for finding Plaintiff not disabled.  (A.R. 17 ¶ 2).  Based on all of these findings,

27  the ALJ found Plaintiff not disabled and denied his application for supplemental security income.

28

1

## DISCUSSION

2

### I.   Judicial Standard of Review

3
      The court reviews administrative decisions in social security disability benefits cases under 42

4
U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states,

5
"Any individual, after any final decision of the Commissioner of Social Security made after a hearing

6
to which he was a party, irrespective of the amount in controversy, may obtain a review of such

7
decision by a civil action . . . brought in the district court of the United States for the judicial district

8
in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the

9
record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

10
Security, with or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a

11
decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de*

12
*novo.  Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

13
      The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42

14
U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the

15
Commissioner's findings may be set aside if they are based on legal error or not supported by

16
substantial evidence.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see*

17
*also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial

18
evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as

19
a reasonable mind might accept as adequate to support a conclusion."  *Andrews v. Shalala*, 53 F.3d

20
1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In

21
determining whether the Commissioner's findings are supported by substantial evidence, the court

22
"must review the administrative record as a whole, weighing both the evidence that supports and the

23
evidence that detracts from the Commissioner's conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720

24
(9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

25
      Under the substantial evidence test, the Commissioner's findings must be upheld if supported

26
by inferences reasonably drawn from the record.  *Batson,* 359 F.3d at 1193.  When the evidence will

27
support more than one rational interpretation, the court must defer to the Commissioner's

28
interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of*

*Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b) and 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay

4

or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

96-8p.  In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW").  20 C.F.R. §§ 404.1520(f) and 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965.  If the individual has the RFC to perform his past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g) and 416.920(g).  If he is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

### III.   Analysis and Findings

Plaintiff seeks reversal and/or remand of the ALJ's decision on one ground; namely, the ALJ failed to follow the correct legal standard in evaluating Plaintiff's credibility.  He contends that the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony regarding his subjective symptoms.  More specifically, Plaintiff alleges that the ALJ contravened established case

law by rejecting subjective pain testimony solely on the basis of objective medical evidence. *See*

*Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1990). Further, Plaintiff asserts that any attempt by

the Commissioner to supply post hoc rationale not offered by the ALJ is insufficient to correct a

remandable error. *See Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F.Supp. 1273, 1276 fn 2 (C.D.

Cal. 1996) (quotation omitted) (noting "the Commissioner's decision must stand or fall with the

reasons set forth in the ALJ's decision. . . .even if the Administration can offer proper post hoc

explanations for such unexplained conclusions.")

In contrast, the Commissioner alleges that the ALJ provided valid bases for finding Plaintiff

not fully credible in accordance with SSR 96-7p. Specifically, the Commissioner highlighted the fact

that Plaintiff's allegations were inconsistent with not only the objective medical findings, but also the

findings of examining physician Simon J. Farrow, M.D., ("Dr. Farrow") and non-examining sources

Patricia Bailey[4] and J.R. Saphir, M.D. ("Dr. Saphir"). Additionally, the Commissioner contends that

Plaintiff failed to follow prescribed treatment, which provided a separate basis for denying his

application.

The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine

whether the individual presented objective medical evidence of an impairment that could reasonably

be expected to produce some degree of the pain or other symptoms alleged; and, if so with no

evidence of malingering, (2) reject the individual's testimony about the severity of the symptoms only

by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d

586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point

to specific facts in the record that demonstrate that the individual's symptoms are less severe than she

claims. *Id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include

reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily

activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed

---

[4] The Court notes that Patricia Bailey is a single decision maker, rather than an acceptable
medical source, and therefore, her findings are not opinion evidence. See POMS DI 24510.050; see also
SSR 06-3p. As such, the ALJ should not have discussed her findings in the decision. The Court finds
this to be a harmless error because the ALJ relied on other medical evidence, including Dr. Farrow's
opinion, to support the residual functional capacity finding.

1   course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and

2   citations omitted).

3        Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons

4   for finding him not fully credible.  The ALJ did not rely on inconsistent objective medical evidence

5   alone, but rather, addressed some of the seven factors identified in 20 C.F.R. §§ 404.1529(c)and

6   416.929(c).  For example, the ALJ addressed the factors that precipitate and aggravate the symptoms

7   in accordance with SSR 96-7p.  He included a restriction to avoid all exposure to hazards, such as

8   avoidance of heights and moving machinery, in the residual functional capacity finding.  (A.R. 15).

9   Such restrictions are supported by Dr. Farrow's opinion that indicates Plaintiff is capable of the full

10  range of work with appropriate seizure precautions.  (A.R. 220-231).  Further, Dr. Farrow indicated

11  that it is not clear that all of Plaintiff's reported "absence events" represent epileptic seizures.  (A.R.

12  221).  Accordingly, the opinion evidence does not corroborate Plaintiff's subjective report of the

13  frequency of his symptoms and their effect on his ability to perform work.

14       Similarly, the ALJ considered opinion evidence from State agency medical consultant Dr.

15  Saphir.  (A.R. 196-197).  He opined that Plaintiff was capable of performing the residual functional

16  capacity that was adopted by the ALJ.  *Id.*  Additionally, Dr. Saphir indicated that the frequency of

17  Plaintiff's seizures as described in August 2007 would likely decrease with a change in medication.

18  *Id.*  Indeed, Plaintiff submitted a seizure log from November 7, 2006 through April 17, 2007 that lists

19  twenty seizures during that period, but the treatment notes subsequent to April 2007 reflect changes in

20  medication and decrease in frequency of seizures (A.R. 114, 118-119, 198-207).  It is appropriate for

21  the ALJ to rely on this opinion evidence in considering the frequency of Plaintiff's symptoms and

22  effectiveness of treatment.

23       Additionally, the ALJ also gave appropriate consideration to Plaintiff's medication.  At the

24  hearing, the ALJ asked Plaintiff questions regarding the type, dosage, effectiveness, and side effects

25  of the medication he takes to alleviate pain and symptoms of his epilepsy.  (A.R. 27-28).  Plaintiff

26  responded that the medications he takes are effective in stopping most of the severe seizures.  (A.R.

27  28).  In support of the credibility assessment, the ALJ noted that Plaintiff responds well to

28  medication.  (A.R. 16, ¶4).  However, the ALJ did not specifically find that Plaintiff was

noncompliant with his prescribed medication. The ALJ cited a treatment note from December 2008 in which Plaintiff reported to having missed a few doses of medication. (A.R. 14). Based on this note, the Commissioner contends that the ALJ could have found Plaintiff to be noncompliant with his prescribed medication and therefore ineligible for supplemental security income benefits. *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Because the ALJ did not deny Plaintiff's application on this ground or specifically address it in the credibility finding, the Court will not evaluate it as a separate basis for supporting the ultimate conclusion of not disabled in this report.

Therefore, the ALJ's credibility finding in this case does not suffer from the remandable flaw of being a general finding lacking clear and convincing rationale. The Court's review of Plaintiff's testimony compared to Dr. Farrow's and Dr. Saphir's findings indicates that Plaintiff's subjective assertions of pain were not fully corroborated and were not of disabling level severity when he complied with his prescribed medication. The ALJ could have more thoroughly addressed each of the seven credibility factors, such as Plaintiff's daily activities,[5] in addition to the objective medical evidence. However, the Court must uphold the credibility finding if it is a reasonable interpretation of the evidence, even though it was explained with less than ideal clarity. *See Burch*, 400 F.3d at 679. Accordingly, the ALJ provided specific, legitimate reasons for discrediting Plaintiff's statements and the credibility finding is supported by substantial evidence.[6]

### IV.    Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and

---

[5] The Court notes that the ALJ asked extensive questions about Plaintiff's activities of daily living and work history at the hearing. He did not specifically address these factors in the credibility finding, but the Court finds that to be harmless error as the number and frequency of Plaintiff's activities of daily living and work history supports the ALJ's credibility finding.

[6] The Court considered the fact that the ALJ did not mention in the credibility assessment, nor did Plaintiff raise as an issue on appeal, lay evidence consisting of a letter from Plaintiff's mother. (A.R. 140). However, this constitutes a harmless error because the information provided by Plaintiff's mother was "inconsequential to the ultimate nondisability determination" in the context of record as a whole. *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012). It did not describe any limitations beyond what Plaintiff described and the ALJ validly rejected.

resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and articulates his rationale for the credibility finding that satisfies the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal and/or Remand (#23) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion for Summary Judgment (#24) be **granted**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 12th day of December, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge

10